UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

DAVID RAMON COVARRUBIAS,

Defendant.

Case No. 3:18-cr-00099-LRH-CLB

ORDER

Before the Court is Defendant Covarrubias' ("Covarrubias") motion to dismiss with prejudice (ECF No. 145). The Government responded (ECF No. 152), and Covarrubias replied (ECF No. 153). For the reasons contained within this Order, the Court will deny the motion.

**I.   BACKGROUND**

Following a non-unanimous verdict, the Court declared a mistrial for Covarrubias. ECF No. 132. Subsequently, Covarrubias filed a motion to reopen detention, and the Court ordered his release from custody pending a second trial. ECF Nos. 139, 142. Nevertheless, Covarrubias remained in the custody of ICE because of a reinstated order of deportation/removal.[1]

Both parties contest the substance of the post-trial interactions between ICE and Covarrubias. The Government amounts these interactions to routine administrative proceedings,

---

[1] The issue of release and the Bail Reform Act is moot. Covarrubias has been released and is now monitored with a GPS ankle monitor by both ICE and Pretrial Services pending a second trial. *See U.S. v. Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (D. Or. 2012) (finding that the Government has two options under the Bail Reform Act: release defendant pending trial or abandon criminal prosecution and proceed directly with removal). *But see U.S. v. Zarate*, 2:19-cr-00152-JAD-NJK, ECF No. 61 (D. Nev. Oct. 11. 2019) (noting that other circuits have held release under the Bail Reform Act does not preclude immigration detention).

whereas the Defense believes these interactions violated Covarrubias' Fifth and Sixth Amendment rights. ECF Nos. 145, 152. Specifically, the Government asserts that ICE merely provided Covarrubias an administrative questionnaire regarding his citizenship status. ECF No. 152. The Defense argues the evidence indicates ICE conducted a full-fledged interview for a future prosecution. ECF No. 153 at 7.

Despite these differing characterizations, and for the reasons articulated below, the motion to dismiss will be denied.

## II.   LEGAL STANDARD

Dismissal of criminal charges is "appropriate when the investigatory or prosecutorial process has violated a federal constitutional or statutory right and no lesser remedial action is available." *United States v. Barrera-Moreno*, 951 F.2d 1089, 1092 (9th Cir. 1991). A violation of due process arises when there exists governmental conduct that is "'so grossly shocking and so outrageous as to violate the universal sense of justice.'" *Id.* (citing *United States v. Restrepo*, 20 F.2d 705, 712 (9th Cir. 1991)). With universal considerations of justice in mind, a federal court may use its supervisory powers "to implement a remedy for violation of recognized rights; to preserve judicial integrity by ensuring that a conviction rests on appropriate considerations validly before the jury; and finally as a remedy to deter illegal conduct." *United States v. Hasting*, 461 U.S. 499, 505 (1983).

## III.   DISCUSSION

In sum, the Defense's argument suggests that the Government—via ICE—conducted an uncounseled custodial interrogation of Covarrubias with the intent to obtain more evidence for another trial. If true, this would likely constitute a violation of Covarrubias' Fifth and Sixth Amendment rights.

However, Covarrubias' contact with ICE agents appears largely administrative and does not seem to relate to his criminal prosecution. ICE contacted Covarrubias following his mistrial and release from custody to begin reinstating his prior order of removal/deportation. It was then an ICE officer gave Covarrubias a form to fill out regarding his immigration status. On the form, Covarrubias provided the ICE agents nothing more than what was already known in his Alien File

("A-file"). While certainly there exists coordination between the U.S. Attorney's Office and ICE on certain matters, no ICE officials involved in Covarrubias' criminal case were involved in these administrative proceedings. Notably, ICE quickly halted the removal proceedings after it was found that Covarrubias' release from ICE custody was necessary "to facilitate the continued prosecution of the pending 8 U.S.C. 1326 criminal case." ECF No. 153, at 10. So here, unlike in the cases cited by Covarrubias, ICE clearly surrendered pursuing deportation, and passed the baton to the U.S. Attorney's Office. *See United States v. Castro-Guzman*, 2020 WL 3130395 (D. Ariz. May 11, 2020) (finding that since the defendant had already been removed from the United States, any further prosecution was improper); *Trujillo-Alvarez*, 900 F. Supp. 2d 1167 (finding that defendant's rights were violated when both ICE and the Government pursued both deportation and criminal prosecution simultaneously); *United States v. Laurean-Lozoya*, 2018 WL 5924181 (Nov. 13, 2018) (finding that since defendant had been removed from the United States while a criminal action was pending, dismissal was necessary under the court's supervisory powers).

Still, if any new or additional information regarding Covarrubias' immigration status was discovered through these early stages of removal proceedings, and the Government attempts to introduce it at trial, the Defense is well within their right to seek its exclusion.

Accordingly, because ICE's interaction with Covarrubias does not "violate the universal sense of justice," the Court will deny Covarrubias' motion to dismiss with prejudice. *Barrera-Moreno*, 951 F.2d at 1092 (citation omitted).

## IV.   CONCLUSION

IT IS THEREFORE ORDERED that Defendant's motion to dismiss with prejudice (ECF No. 145) is **DENIED.**


IT IS SO ORDERED.

DATED this 18th day of November, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3